<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DOYLE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MATRIX WARRANTY SOLUTIONS, INC. d/b/a ELEMENT PROTECTION,<br><br>    Defendant. | No. 22cv3198 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Robert Doyle, individually and on behalf of others similarly situated, brings this suit against Defendant Matrix Warranty Solutions, Inc. d/b/a Element Protection ("Matrix") based on its alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Presently before the Court is Matrix's motion to dismiss Doyle's complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction, and under Rule 12(b)(6), for failure to state a claim. D.E. 8. The Court has reviewed the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons below, that portion of Matrix's motion which seeks dismissal under Rule 12(b)(2) is **DENIED** and that portion of Matrix's motion which seeks dismissal under Rule 12(b)(6) is **GRANTED**. The Court will dismiss Doyle's complaint without prejudice because it fails to plausibly state a claim against Matrix.

**I.    BACKGROUND**[1]

Doyle filed his complaint in this action on May 27, 2002.  D.E. 1.  That pleading specifically alleges the following:  Doyle is a resident of New Jersey.  *Id.* ¶ 5.  Matrix is a Nevada corporation maintaining its principal place of business in Texas.  *Id.* ¶ 6.  Matrix provides extended warranty services to consumers throughout the country, including within New Jersey.  *Id.* ¶ 20.  "At 9:56 a.m. on August 5, 2021, [Doyle] received a[n unsolicited] call to his [cellular phone] from 908-615-9293 with a pre-recorded message" which began by stating "[w]e are calling regarding your vehicle warranty.  We are giving you one last chance . . ."  *Id.* ¶¶ 30-31.  "After the pre-recorded message was played, an agent, calling herself Amanda, appeared on the telephone line."  *Id.* ¶ 33.  "Amanda explained that she was selling car repair insurance and identified the company as Elementprotectionplans.com."  *Id.* ¶ 34 (internal quotations omitted).  Doyle's complaint does not provide any further details regarding Matrix's relationship to either Amanda or Elementprotectionplans.com.  Doyle likewise fails to allege that Amanda and/or Elementprotectionplans.com were attempting to sell him Matrix-specific warranty services.  It is accordingly unclear, based on the specific allegations in Doyle's pleading, how Matrix bears responsibility for the call.[2]

On July 14, 2022, Matrix filed its motion to dismiss.  D.E. 8.  Included with the motion is, *inter alia*, a declaration from Matrix's president, Jay Tuerk, which speaks to Matrix's claim that

---

[1] For the purposes of this Opinion, the Court accepts as true all of the complaint's well-pled factual allegations.

[2] The Court recognizes that the caption of Doyle's complaint indicates that Matrix does business as "Element Protection."  The Court also acknowledges that Doyle's pleading generically states that the actions complained of therein were performed by Matrix's "officers, directors, vice-principals, agents, servants or employees" and "with the full authorization, ratification or approval of [Matrix.]"  D.E. 1 ¶ 7.  These considerations, however, do not meaningfully implicate Matrix for purposes of pleading a plausible claim against that entity.

this matter should be dismissed for lack of personal jurisdiction. D.E. 8-4. Tuerk avers that "Matrix is a third-party administrator of extended service contracts for automobiles [and] is engaged primarily in the business of handling claims by policy holders and customer service for such policy holders." *Id.* ¶ 4. He states that "Matrix does not market or sell the contracts it administers; they are sold by independent third-party companies" who are "authorized to sell Matrix-administered policies" and do so "on a non-exclusive basis." *Id.* ¶¶ 5, 13, 16. He notes that "Matrix does not initiate outbound sales calls to consumers" and that it "never initiated a call to [Doyle's] telephone number." *Id.* ¶ 9. Tuerk, however, also acknowledges that some third-party marketers "sell Matrix's products via telemarketing." *Id.* ¶ 14.

On August 23, 2022, Doyle filed his opposition to the motion to dismiss. D.E. 13. Included with that opposition is the declaration of Doyle's attorney, Ross H. Schmierer, *see* D.E. 13-2, which includes, *inter alia*, various evidentiary proofs which suggest that Matrix and Element Protection are related entities. Schmierer's proofs indicate that: (1) both Matrix and Element Protection's respective websites list 3100 McKinnon Avenue, Suite 420, Dallas, Texas, as their business address, *see* D.E.s 13-4, 13-5; (2) per Element Protection's website, Elementprotectionplans.com, Element Protection and Matrix appear to share the same legal team, D.E. 13-8; (3) a sample vehicle service contract obtained from Element Protection's website lists Matrix as both the "Obligor" and "Administrator" of that contract, D.E. 13-6; and (4) the Better Business Bureau's website identifies Element Protection Plans as an alternate business name for Matrix, D.E. 13-7. To be clear, none of this information linking Element Protection to Matrix is pled in Doyle's complaint; it has been presented to the Court for the first time via Doyle's opposition to Matrix's motion to dismiss.

Matrix filed its reply on September 12, 2022. D.E. 16. The motion is ready for decision.

3

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. Resolution of such a motion also implicates the general rules of pleading set forth in Rule 8. Rule 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id*.

The defendant, as the party moving for relief under Rule 12(b)(6), bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). Generally, a court may *only* consider the contents of the complaint on a Rule 12(b)(6) motion to dismiss. Although the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for

summary judgment, that material is generally limited to documents "integral to or explicitly relied upon in the complaint." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (quotation omitted).

### B. Federal Rule of Civil Procedure 12(b)(2) – Lack of Personal Jurisdiction

Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986) (quotation omitted); N.J. Ct. R. 4:4-4. Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quotation omitted).

The court can assert either general or specific jurisdiction over a defendant that has minimum contacts with the forum. *Bristol-Myers Squibb Co. v. Super. Ct. Cal.*, 137 S.Ct. 1773, 1780 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Specific jurisdiction is established through a minimum contacts analysis. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *O'Connor*, 496 F.3d at 316. In the Third Circuit, proving specific jurisdiction requires establishing the following three requirements: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must

5

arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[ ] with fair play and substantial justice." *Id.* at 317 (quotations and citations omitted). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985)).

In advance or in lieu of an answer, a defendant may move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The issue is ultimately a factual one, as to which the plaintiff has the burden:

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether *in personam* jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Miller Yacht Sales*, 384 F.3d 93, 101 (3d Cir. 2004) (internal citations omitted).)

> To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants. *Pinker* [*v. Roche Holdings Ltd.*], 292 F.3d [361] at 368 [(3d Cir. 2002)]. However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor.

*Miller Yacht Sales*, 384 F.3d at 97; *accord Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) ("Because the District Court did not hold an evidentiary hearing on personal jurisdiction, we take [plaintiff]'s factual allegations as true.").

Additionally, "[i]f the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." *Haffen v. Butler Specialties, Inc.*, 2011 WL 831933, *2 (D.N.J. Mar. 3, 2011) (quoting 4 Wright & Miller, Federal Practice and Procedure: Civil 3d 1067.6 (3d ed. 2002)). The plaintiff, moreover, retains "the burden of demonstrating that the defendants' contacts with the forum state are sufficient to give the court *in personam* jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). "These contacts must be shown 'with reasonable particularity.'" *Wellness Publ'g v. Barefoot*, 128 F. App'x 266, 268 (3d Cir. 2005) (quoting *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

### III.  ANALYSIS

Here, the Court will first address Matrix's Rule 12(b)(2) assertion that the complaint must be dismissed for lack of personal jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017) (remanding because the district court improperly dismissed defendants under Rule 12(b)(6) without first considering subject matter or personal jurisdiction). For the reasons detailed herein, the Court finds that Doyle has – through the proofs presented in his opposition to Matrix's motion – established a *prima facie* case of *in personam* jurisdiction over Matrix for purposes of defeating dismissal under Rule 12(b)(2). The Court will accordingly also address the merits of Matrix's Rule 12(b)(6) assertion that the complaint must be dismissed for failure to state a claim. Ultimately, the Court finds that factual allegations in Doyle's pleading fail to plausibly

state a viable TCPA claim against Matrix under the narrower scope of review undertaken by this Court pursuant to Rule 12(b)(6), and it will dismiss Doyle's complaint for this reason.

### A. Doyle States a *Prima Facie* TCPA Violation

Congress enacted the TCPA "to protect individual consumers from receiving intrusive and unwanted calls." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 389 (3d Cir. 2017) (quoting *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013)). Accordingly, the TCPA provides, *inter alia*, that "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service" is a violation of the Act and the receiver of the call(s) may be entitled to injunctive relief and statutory damages. 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(3).

Here, the unsolicited sales call that Doyle allegedly received on his cellular phone on August 5, 2021 supports a *prima facie* TCPA claim. Doyle specifically alleges that the call began with a pre-recorded message, and that after that pre-recorded message played, an agent appeared on the telephone line and "explained that she was selling car repair insurance." D.E. 1 ¶ 34. *See Martinez v. TD Bank USA*, No. 15-7712 (JBS/AMD), 2017 WL 2829601, at *4 (D.N.J. June 30, 2017) ("47 U.S.C. § 227(b)(1)(A)(iii) requires a plaintiff to prove that: '(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or an artificial or prerecorded voice]; (3) without the recipient's prior express consent.'") (citations omitted). Doyle also specifically avers that his cellular phone number begins with the New Jersey-associated area code of 908. D.E. 1 ¶ 30.

### B. Matrix's Rule 12(b)(2) Arguments Are Unpersuasive

Matrix, in response, claims that it did not directly call Doyle, and thus, that there is no basis for this Court to exercise personal jurisdiction over it. D.E. 8-2 at 9. The Court cannot agree.

First, Matrix admittedly authorizes third-party companies to sell Matrix-administered policies, and further acknowledges that some of these independent, third-party marketers sell Matrix's products via telemarketing. Critically, "[t]he [Federal Communications Commission's] rules implementing the TCPA 'generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations. Calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.'" *Newell v. Strategic Admin. Grp., Inc.*, No. 2:20-CV-00967-JDW, 2020 WL 12770854, at *1 (E.D. Pa. May 6, 2020) (quoting *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995)). Indeed, Matrix, "may be held vicariously liable [for the actions of a third-party telemarketer which violated TCPA Section 227(b)] under federal common law principles of agency." *In the Matter of the Joint Petition Filed by Dish Network*, LLC, 28 F.C.C. Rcd. 6574, 6574 (2013); *see also Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 674 (2016) (Supreme Court has no reason to question FCC's determination regarding vicarious liability under the TCPA); *accord Newell*, 2020 WL 12770854, at *1 ("[Defendant] has established that it outsources its telemarketing and authorizes those third-parties to enter into contract on its behalf. Those facts . . . could give rise to a plausible claim of vicarious liability, regardless of the label attached to the relationship that [defendant] has with its third-party vendor.").

Second, the proofs presented by Doyle in opposition to Matrix's jurisdictional arguments credibly suggest that Element Protection, the company whose website Amanda directed Doyle to visit during the August 5, 2021 sales call is a "doing business as" entity that is closely related to

9

Matrix. Again, Doyle has provided a declaration from his lawyer which shows that: (1) Matrix and Element Protection share the same business address and legal team; (2) a sample vehicle service contract obtained from Element Protection's website lists Matrix as both the "Obligor" and "Administrator" of that contract; and (3) the Better Business Bureau's website identifies Element Protection Plans as an alternate business name for Matrix. *See* D.E. 13.

Assuming all inferences in favor of Doyle, as the Court is required to when analyzing this Rule 12(b)(2) motion to dismiss, the Court finds that dismissal for lack of personal jurisdiction over Matrix is inappropriate. First, Doyle has, for purposes of defeating Matrix's Rule 12(b)(2) motion, credibly shown that Matrix purposefully directed its activities at New Jersey. Indeed, when considering all jurisdictional proofs in the light most favorable to Doyle, Matrix directly contacted him on his cellular phone beginning with the New Jersey-affiliated 908 area code under its doing business as name, Element Protection, to sell warranty products. Matrix vehemently denies that this is in fact what happened. However, Matrix simultaneously acknowledges that third-party marketers sell Matrix's products via telemarketing. D.E. 8-4 ¶ 14. Thus, even if the August 5, 2021 sales call was initiated by a third-party marketer, this would still be an adequate basis for this Court to exercise personal jurisdiction over Matrix. *Newell*, 2020 WL 12770854, at *2 ("Because the TCPA could impose vicarious liability on [defendant] for a call made to Pennsylvania [by a third-party telemarketer], SAG has the requisite minimum contacts with Pennsylvania to give rise to personal jurisdiction."). Second, it is clear that this lawsuit arises out of and relates to the August 5, 2021 phone call. Third, the Court concludes that the exercise of jurisdiction over Matrix otherwise comports with fair play and substantial justice. *See id.* ("maintenance of the suit in Pennsylvania does not offend traditional notions of fair play. . . . It was foreseeable that [defendant's] calls might violate the TCPA in any jurisdiction to which a call

10

was placed."). For the foregoing reasons, dismissal of Doyle's complaint pursuant to Rule 12(b)(2) is inappropriate.

### C. Doyle's Complaint is Dismissed Under Rule 12(b)(6)

Dismissal of Doyle's complaint is, however, appropriate under Rule 12(b)(6) because it lacks "factual content that allows the court to draw the reasonable inference that [Martix, specifically,] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Again, Doyle's complaint alleges only that he received an unsolicited call on August 5, 2021 that began with a prerecorded message, and that an individual identifying herself as Amanda thereafter appeared on the telephone line and explained that she was selling car repair insurance and was affiliated with Elementprotectionplans.com. Doyle's pleading does not provide any specific details regarding Matrix's relationship to either Amanda or Elementprotectionplans.com. Doyle likewise fails to allege that Amanda and/or Elementprotectionplans.com were attempting to sell him Matrix-specific warranty services. It is accordingly unclear, based on the specific allegations in Doyle's pleading, how Matrix bears responsibility for the call.

To be clear, the purported interrelatedness of Matrix and Element Protection is not adequately pled in the complaint; Doyle presented the proofs demonstrating the close relationship between these two entities for the first time when he opposed Matrix's motion to dismiss. Doyle's jurisdictional proofs, moreover, are not otherwise "explicitly relied upon in the complaint." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d at 287 (3d Cir. 1999). And they are therefore not appropriately considered as part of the Court's Rule 12(b)(6) analysis. In short, the allegations in Doyle's complaint fail to plausibly tie Matrix to the August 5, 2021 sales call that forms the basis of this lawsuit. The Court will accordingly dismiss Doyle's complaint pursuant to Rule 12(b)(6).

### D. Doyle is Granted Leave to Amend

Dismissal of Doyle's complaint is without prejudice, and he will be afforded the opportunity to amend his complaint to address the pleading deficiencies identified herein. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). There has been no prior dismissal decision rendered in this matter and Matrix has not demonstrated that it would be prejudicial, futile, or otherwise unfair for Doyle to be given leave to amend. It is consistent with principles of fairness and justice to afford Doyle an opportunity to do so. Doyle may file an amended complaint within 30 days of the date of this Opinion.

### IV.   CONCLUSION

For the reasons above, that portion of Matrix's motion which seeks relief under Rule 12(b)(2) is **DENIED** and that portion of Matrix's motion which seeks relief under Rule 12(b)(6) is **GRANTED**. Doyle's complaint is dismissed without prejudice.

Dated: February 6, 2023

_____
Evelyn Padin, U.S.D.J.

12